# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID F. KELLY BEY,** | : | **CIVIL NO. 1:CV-12-00732** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **DANIEL S. KEEN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## M E M O R A N D U M

Plaintiff David F. Kelly Bey, an inmate currently confined at the Franklin County Jail in Chambersburg, Pennsylvania, initiated this civil rights action with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983 on April 19, 2012, as amended June 1, 2012. (Doc. 33.) Named as Defendants are several prison officials from Franklin County Jail.[1] In his second amended complaint,[2] Plaintiff alleges that Defendants are violating a consent decree approved in 1989 and relating to prison conditions at Franklin County Jail. He also alleges several constitutional violations relating to Franklin County Jail's prison inmate account system, the law library, and the grievance process. Finally, he alleges that Defendants have engaged in a

---

[1] Plaintiff names as Defendants the following individuals employed at Franklin County Jail: Daniel S. Keen, Warden; Michelle Weller, Deputy Warden; Jessica Sterner, Director of Treatment; Russell Rouzer, Deputy Warden of Security; and, Erik Van Ness, Correctional Treatment Specialist.

[2] Plaintiff filed a first amended complaint on May 18, 2012, (Doc. 20), followed by the instant second amended complaint on June 1, 2012, (Doc. 33).

conspiracy against him and have retaliated against him. As relief, Plaintiff seeks monetary damages as well as declaratory relief.

Presently before the court are two motions filed by Defendants: (1) a motion to terminate the consent decree (Doc. 46), and (2) a motion to dismiss Plaintiff's second amended complaint (Doc. 56). In addition, Plaintiff has filed a motion to amend/correct his second amended complaint. (Doc. 62.) For the reasons set forth below, Defendants' motions will be granted, and Plaintiff's motion will be denied.

## I.  __Background__

### A.  __Facts__

In his second amended complaint, Plaintiff alleges that since April 27, 2011, Defendants have been illegally deducting funds from his inmate account for legal copies and postage in violation of his due process and equal protection rights. (Doc. 33 ¶¶ 9, 12.) He also claims that the deductions from his inmate account are in violation of a consent decree approved in 1989 ("Walentukonis Consent Decree"). (*Id*. ¶ 10.) He further claims that he filed several grievances related to this claim, but they were all denied. (*Id*. ¶¶ 23-27.)

In addition, Plaintiff claims that Defendants have denied him access to the courts by failing to provide him with a law library area "that contains sufficient and

adequate tables and seating arrangement to perform legal research and writing task."

(*Id*. ¶ 35.) Further, he claims that Defendants are denying him access to "sufficient

books, typewriters, [and] legal materials" in the existing law library. (*Id*. ¶ 36.)

In connection with these claims, Plaintiff alleges that all Defendants have

conspired to violate his constitutional rights under the First, Fifth, and Fourteenth

Amendments to the United States Constitution. (*Id*. ¶¶ 17, 32.) He also alleges that

Defendants are retaliating against him for exercising his First Amendment rights. (*Id*.

¶ 37.)

With respect to the Walentukonis Consent Decree, in their motion to terminate

the consent decree, Defendants assert the following. On September 12, 1989, in an

action captioned *Albert J. Walentukonis v. Robert Holland*, 3:85-CV-00617 (M.D. Pa.

1989), the Honorable R. D. Herman approved a consent decree signed by the parties,

(85-0617, Doc. 62). (Doc. 48 at 6.) The consent decree addressed issues related to

the access to the courts for Franklin County Jail inmates. (Doc. 47-2, Ex. B,

Walentukonis Consent Decree.) As stated in the consent decree,

> The principal feature of the proposed Consent Decree is provisions
> requiring Franklin County to obtain a legal services contract with an
> attorney to assist inmates in the preparation and filing of civil rights
> actions, and petitions seeking post-conviction and federal habeas corpus
> relief. It also contains provisions governing the use and availability of
> notary services, writing materials, forms, and a small library.

(*Id*. at 2.) Defendants assert that to this day, the Franklin County Jail:

(1)     Provides the services of a contract attorney (Attorney Mahesh Rao has been the contract attorney since at least 2007) who, is available upon request, to assist inmates in the preparation of meaningful legal documents, including civil rights actions and federal habeas corpus petitions;

(2)     Provides and maintains an adequate supply of post-conviction hearing petition forms, forms for filing a Complaint under § 1983, forms to proceed *in forma pauperis* and forms for filing habeas corpus petitions;

(3)     Provides indigent inmates with free paper, pencils and envelopes (carbon paper is obsolete);

(4)     Provides indigent inmates with *reasonable* free postage and *reasonable* free copies;

(5)     Secures and maintains paper, pencils and envelopes in the Franklin County Jail commissary for purchasing by non-indigent inmates;

(6)     Maintains and keeps up-to-date legal materials and resources (see list of books and materials available to inmates, Appendix of Exhibits, Exhibit "C") which may be checked out by inmates for a period of 3 days, with extensions granted upon availability; and

(7)     Provides a mobile law library with internet access to the inmates (mobile law library is rotated between units such that each unit has access to the mobile law library once per week and, more often, upon request and availability).

(Doc. 48 at 17-18) (emphasis in original.)


**B.      Procedural History**

4

Plaintiff initiated this action by filing a complaint on April 19, 2012. (Doc. 1.) On April 27, 2012, the court granted Plaintiff's motion to proceed *in forma pauperis* and directed service of the complaint. (Doc. 8.) On May 18, 2012, Plaintiff filed an amended complaint, (Doc. 20), and a second amended complaint on June 1, 2012, (Doc. 33). Defendants filed a motion to dismiss the second amended complaint on July 6, 2012. (Doc. 56.) Plaintiff filed a brief in opposition to the motion to dismiss on August 24, 2012. (Doc. 86.) Thus, the motion to dismiss is ripe for disposition.

Further, on May 7, 2012, Plaintiff filed a "motion for enforcement of proposed consent decree in the alternative motion for an order of contempt." (Doc. 11.) After receiving an extension of time, (*see* Doc. 42), Defendants responded to that motion on July 31, 2012, (Doc. 74). However, prior to filing their opposition brief, Defendants filed a motion to stay these proceedings and to terminate the Walentukonis Consent Decree. (Doc. 46.) On August 9, 2012, the court granted the motion to stay, pending a court ruling on the motion to terminate the Walentukonis Consent Decree. (Doc. 80.) On August 10, 2012, the court directed Plaintiff to respond to Defendants' motion to terminate the Walentukonis Consent Decree. (Doc. 82.) Thereafter, on August 24, 2012, along with his brief in opposition to the motion to dismiss, Plaintiff responded to Defendants' motion to terminate the Walentukonis Consent Decree. (Doc. 86.) Thus, that motion is also ripe for disposition.

## II.    Discussion

For purposes of discussion, the court will first address Defendants' motion to terminate the Walentukonis consent decree, followed by a discussion of the motion to dismiss the second amended complaint.

### A.    Motion to Terminate the Walentukonis Consent Decree

As stated above, Defendants have filed a motion to terminate the Walentukonis Consent Decree.  (Doc. 46.)  In the motion, Defendants argue that the court should terminate the consent decree pursuant to 18 U.S.C. § 3626(b)(2) (the "termination provision"), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).

The PLRA provides, in part, for the immediate termination of prospective relief in certain civil actions concerning prison conditions.  18 U.S.C. § 3626(b). Specifically, the PLRA provides that prospective relief granted prior to the enactment of the PLRA is terminable upon the motion of any party two years after the date of the PLRA's enactment. 18 U.S.C. § 3626(b)(1)(iii).  Because the PLRA was enacted in 1996, the court may consider the instant motion to terminate the Wakentukonis Consent Decree.

Further, Section 3626(b) of the PLRA's termination provision provides the following with respect to immediate termination of prospective relief:

> (2) Immediate termination of prospective relief. - - In any civil action with respect to prison conditions, a defendant or intervener shall be entitled to the immediate termination of any prospective relief if the relief was approved or granted in the absence of a finding by the court that the relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right.
>
> (3) Limitation. - - Prospective relief shall not terminate if the court makes written findings based on the record that prospective relief remains necessary to correct a current and ongoing violations of the Federal right, extends no further than necessary to correct the violation of the Federal right, and that the prospective relief is narrowly drawn and the least intrusive means to correct the violation.

18 U.S.C. § 3626(b)(2)-(3). This section also provides the following definitions:

> (g) Definitions. - - As used in this section - -
>
> (1) the term "consent decree" means any relief entered by the court that is based in whole or in part upon the consent or acquiescence of the parties but does not include private settlements;

* * *

> (7) the term "prospective relief" means all relief other than compensatory monetary damages;

* * *

7

(9) the term "relief" means all relief in any form that may be granted or approved by the court, and includes consent decrees but does not include private settlement agreements.

18 U.S.C. § 3626(g).

Under these terms set out in this section of the PLRA, to be subject to termination, the Walentukonis Consent Decree must satisfy two criteria. First, the consent decree must not contain the required finding that it "extends no further," and is the "least intrusive means necessary" . . . "to correct the violation of a Federal right." 18 U.S.C. § 3626(b)(2); *see also Vazquez v. Carver*, 18 F. Supp. 2d 503, 513 (E.D. Pa. 1998), *aff'd*, 181 F.3d 85 (3d Cir. 1999) (terminating a consent decree related to prison conditions upon a finding of no evidence of current and ongoing violations of the consent decree or any Federal rights). Second, there must be no "current and ongoing" violations of Federal rights to which the consent decree may be applied. 18 U.S.C. § 3626(b)(2); *see also Vazquez*, 18 F. Supp. 2d at 513.

In this case, as Defendants point out, at the time the parties entered into the Walentukonis Consent Decree, the issuing court did not make findings that the consent decree was narrowly drawn, extending no further than necessary to correct a violation of a Federal right, and was the least intrusive means to correct a violation of a Federal right. *See Walentukonis v. Holland*, 3:85-CV-00617 (M.D. Pa. 1989). Further, Defendants assert that in the 23-year history of the Walentukonis Consent

8

Decree, there is no history or proof that the Franklin County Jail has ever prevented a single inmate from filing a civil rights lawsuit or submitting a petition for writ of habeas corpus, and that Plaintiff has not shown any such past or "current and ongoing" violations of Federal rights. (Doc. 48 at 19.) Further, there are no known actions involving an alleged violation of the Walentukonis Consent Decree prior to the initiation of Plaintiff's instant action. (*Id.* at 17.) Importantly, in his response to Defendants' motion to terminate the Walentukonis Consent Decree, Plaintiff expressly states that the consent decree is no longer applicable to the current prison conditions at Franklin County Jail. (Doc. 86 at 10.) Specifically, he states, "the Plaintiff concurrs [sic] with the Defendants in the instant case at bar that the Walentukonis Consent Decree is obsolete according to today's standards and current needs of the inmate's [sic] housed with Franklin County Jail." (*Id.*) However, Plaintiff does request that the court address his additional claims that Defendants have denied him his rights under the United States Constitution. (*Id.* at 10-11.) In light of Plaintiff's concurrence, and without knowledge of any other existing actions alleging a violation of the Walentukonis Consent Decree, the court will grant Defendants' motion to terminate the Walentukonis Consent Decree. The court will address Plaintiff's constitutional claims through disposition of Defendants' motion to dismiss the second amended complaint.

**B.     Motion to Dismiss the Second Amended Complaint**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[3] A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

Defendants have filed a motion to dismiss the second amended complaint contending that Plaintiff has failed to state any claims or causes of action for any of the purported constitutional violations or for civil conspiracy. Upon careful review, the court will grant the motion to dismiss.

**1.     Standard of Review**

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P.

---

[3]  The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285.

8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief. *Twombly*, 550 U.S. at 555; *accord, e.g.*, *Phillips*, 515 F.3d at 231-32; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005); *see also Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (recognizing that Rule 8 pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (quoting *Twombly*, 550 U.S. at 555).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007).  *Accord Phillips*, 515 F.3d at 233.  If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss.  *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007).  *See Iqbal*, 129 S. Ct. at 1949 (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*. at 1950.  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id*. (quoting *Twombly*, 550 U.S. at

555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 555).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).  The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).  However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

13

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### 2. Deductions from Inmate Account

Plaintiff alleges that since April 27, 2011, Defendants have been illegally deducting funds from his inmate account for legal copies and postage. (Doc. 33 ¶¶ 9, 12.) He also makes a complaint with respect to the grievance procedure as it relates to this claim. The court will discuss these issues in turn.

14

### i.    Illegal Deductions from Inmate Account

This claim is subject to dismissal for failure to state a claim.  A claim that state officials have deprived a prisoner of personal property does not state a recognizable § 1983 action.  *See Rossiter v. Andrews*, Civ. No. 96-6257, 1997 WL 137195, at *4 (E.D. Pa. Mar. 25, 1997).  As the United States Supreme Court has stated: "the existence of an adequate state remedy to redress property damage inflicted by state officers avoids the conclusion that there has been any constitutional deprivation of property without due process of law within the meaning of the Fourteenth Amendment."  *Parratt v. Taylor*, 451 U.S. 527, 542 (1981) (quoting *Bonner v. Coughlin*, 517 F.2d 1311, 1319 (7th Cir. 1975)).  Further, it is not relevant whether the alleged loss of the inmate's property occurred as the result of negligent or intentional conduct.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  In this case, Plaintiff alleges that Defendants knowingly deducted money from his account for copies and postage which purportedly he believes should have been given to him free of charge.

The *Rossiter* court stated:

> Pennsylvania does provide an adequate remedy for inmates whose property has been lost, stolen, or destroyed by prison officials.  Inmate grievance procedures, as well [as] the Political Subdivision Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541-8546, are available to plaintiff, and provide him with adequate postdeprivation remedies.  *See Iseley v. Horn*, 1996 WL 510090 (E.D. Pa.); *Rambert v. Durant*, 1996 WL 253322 (E.D. Pa.); *Ramos v. Vaughn*, 1995 WL 386573 (E.D. Pa.), *aff'd*, 85 F.3d 612 (3d Cir. 1996) (finding Pennsylvania inmate grievance procedures to be a

> meaningful postdeprivation remedy for the loss of property by a
> corrections officer); *see also Murray v. Martin*, 720 F. Supp. 65 (E.D. Pa.
> 1989) (noting that a prisoner alleging the intentional theft of his property
> by a corrections officers may pursue a civil damage action pursuant to the
> Political Subdivision Tort Claims Act).

*Rossiter*, 1997 WL 137195, at *4. This same conclusion has been reached by courts

in other states in which the state Department of Corrections has a policy regarding

inmates' claims for lost or damaged property by prison officials. *See Hubenthal v.*

*Cnty. of Winona*, 751 F.2d 243, 246 (8th Cir. 1984) (holding that even unauthorized

deprivation of property by state officials does not violate due process requirements if a

meaningful post-deprivation remedy is available through Minnesota Department of

Corrections policy); *see also Simpson v. Hvass*, 36 F. App'x 221, 222 (8th Cir. 2002)

(same).

Following this case law, Plaintiff has failed to state a viable § 1983 claim with

respect to the alleged "illegal" deduction or loss of funds from his prison account. *See*

*Atwell v. Lavan*, 557 F. Supp. 2d 532, 555 (M.D. Pa. 2008) (finding plaintiff has not

alleged a viable § 1983 claim with respect to illegal deductions from his prison

account); *Williams v. Lightcap*, Civ. No. 1:07-CV-637, 2007 WL 2173391, at *9-10

(M.D. Pa. July 27, 2007) (same).

Moreover, to the extent that Plaintiff is claiming that he was deprived of his

First Amendment right to access to the courts since he was not given subsidized

16

copies and postage, he fails to state a claim. While it is noted that "prisoners have a constitutional right of access to the courts," *Bounds v. Smith*, 430 U.S. 817, 821 (1977), in order to state a claim for denial of this right, Plaintiff must plead that he has suffered an "actual injury" arising from the challenged conduct of defendants. *See Lewis v. Casey*, 518 U.S. 343, 349-50 (1996). In their brief in support of the instant motion, Defendants argue that Plaintiff has proven that he has access to the courts by virtue of the sheer number of filings he has made in the captioned case. (*See* Doc. 57 at 10.) The court agrees, and further finds that Plaintiff has failed to provide any details regarding a date or case which would demonstrate "actual injury" with specificity. *See Oliver v. Fauver*, 118 F.3d 175, 178 (3d Cir. 1997) (no actual injury due to interference with legal mail); *Robinson v. Ridge*, 996 F. Supp. 447, 450 (E.D. Pa. 1997) (no actual injury from loss of legal documents)). In his brief in opposition to the instant motion, Plaintiff does not cite to any specific instance in which his access to the courts has been hindered. Instead, he references "pending cases in other states such as Florida, Maryland, West Virginia, Virginia, New York, New Jersey, [and] Delaware." (Doc. 86 at 5.) However, in making this assertion, Plaintiff is referring not only to himself, but also to other inmates at Franklin County Jail. (*See id.*) In fact, nearly all of his arguments in opposition to Defendants' motion to dismiss

17

relate to other inmates, and not to himself.[4]  (*See id*. at 4-8.)  Nevertheless, from a review of the docket in this case, it appears that Plaintiff has either been able to timely file documents or request extensions of time in which to do so.  Therefore, the court concludes that Plaintiff has failed to assert an access to the courts claim with respect to denial of subsidized copies and postage.[5]  Defendants' motion to dismiss will be granted with respect to this claim.

## ii.  **Grievance Procedure**

Plaintiff also takes issue with the grievance procedure at Franklin County Jail, or more specifically, the fact that prison officials denied his grievances.  Although an

---

[4] Plaintiff claims that Defendants have denied inmates who cannot read or speak English access to the courts by failing to provide foreign-language legal materials, bilingual law clerks, and "proper computerized bilingual legal commentary." (Doc. 86.)  As it is clear that Plaintiff is able to read and write English, he is attempting to assert a claim on behalf of other Franklin County Jail inmates.  Notably, the court has already advised Plaintiff that any claims he makes in his amended complaint on behalf of other inmates will be stricken as *pro se* plaintiffs are not favored as representative parties in a class action since they generally cannot represent and protect the interests of the class fairly and adequately.  (Doc. 13 at 4) (citing *Caputo v. Fauver*, 800 F. Supp. 168, 170 (D. N.J. 1992), *aff'd*, 995 F.2d 216 (3d Cir. 1993) (table decision) (stating that "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action); *Cahn v. United States*, 269 F. Supp. 2d 537, 547 (D. N.J. 1992); *Whalen v. Wiley*, No. 06-809, 2007 WL 433340, at *2 (D. Col. Feb. 1, 2007) (finding that it is plain error to permit a *pro se* inmate litigant to represent fellow inmates)).

[5] Plaintiff has also failed to state an equal protection claim.  To prevail on such a claim, Plaintiff must show that both he was treated differently from persons who are similarly situated, and that this discrimination was purposeful or intentional rather than incidental.  *Washington v. Davis*, 426 U.S. 229, 239 (1976); *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 423-24 (3d Cir. 2000).  As Plaintiff has not pleaded any facts that he was treated differently than any other inmates in the same situation, he has failed to state an equal protection claim.

18

inmate has a constitutional right to file a grievance, *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (non precedential), he does not have a constitutionally protected right to a grievance procedure, *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-38 (1977); *Speight v. Sims*, 283 F. App'x 880, 881 (3d Cir. 2008) (citing *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.")). Nor does the existence of a grievance procedure confer upon prison inmates any substantive constitutional rights. *Hoover v. Watson*, 886 F. Supp. 410, 418-19 (D. Del.), *aff'd*, 74 F.3d 1226 (3d Cir. 1995).

In addition, an inmate has no federally protected liberty interest in having grievances resolved in his favor or to his satisfaction. *See Tabb v. Hannah*, Civ. No. 1:10-CV-1122, 2012 WL 3113856, at *5 (M.D. Pa. July 30, 2012). Stated otherwise, a prison official's failure to agree with an inmate's allegations, or take specific action requested by a prisoner, does not, without more, indicate unconstitutional conduct by those who respond to the grievance. *See Alexander v. Forr*, Civ. No. 3:04-CV-0370, 2006 WL 2796412, at *19-20 (M.D. Pa. Sept. 27, 2006); *see also Pryor-El v. Kelly*, 892 F. Supp. 261, 275 (D.D.C. 1995) ("Because a prison grievance procedure does not confer any substantive constitutional right upon prison inmates, prison officials' failure to comply with the grievance procedure is not actionable.").

19

Pursuant to this well-settled case law, Plaintiff's claim relating to the denial of his grievances regarding his claims presented in the second amended complaint fails to state a claim. Defendants' motion to dismiss on this claim will be granted.

### 3.    Access to the Courts

Plaintiff also claims that the Franklin County Jail's law library lacks sufficient legal research materials and contains inadequate typewriters, tables and seating arrangements. In their motion to dismiss, Defendants argue that Plaintiff has failed to state an access to the courts claim. Upon review, the court agrees with Defendants and will grant the motion to dismiss as to this claim.

The United States Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). In a later case, the Court paid particular attention to the requirement that an inmate alleging a violation of *Bounds* must show an actual injury and noted that "[a]lthough *Bounds* itself made no mention of an actual-injury requirement, it can hardly be thought to have eliminated that constitutional prerequisite." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). This requirement "derives ultimately from the doctrine of standing, a constitutional

principle that prevents courts of law from undertaking tasks assigned to the political branches." *Id.* at 349.

> It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts; it is for the political branches of the State and Federal Governments to manage prisons in such fashion that official interference with the presentation of claims will not occur. Of course, the two roles briefly and partially coincide when a court, in granting relief against actual harm that has been suffered, or that will imminently be suffered, by a particular individual or class of individuals, order the alteration of an institutional organization or procedure that causes the harm.

*Id.* at 349-50. This distinction would, however, be obliterated if no actual or imminent harm were needed to invoke the intervention of the federal courts. *Id.* at 350.

Here, in his second amended complaint Plaintiff avers that the Franklin County Jail's law library lacks sufficient tables and seating arrangements for performing legal research and writing. He also states that the library does not contain sufficient typewriters, books, and other legal materials which he can access for a "reasonable time." (Doc. 33 ¶ 36.) However, "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that the prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351. In his opposition to the instant motion to dismiss, Plaintiff argues that the conditions of the law library are preventing him from "effectively and adequately" conducting

"proper legal research,"[6] but he does not contend that he has been denied the chance to pursue his claims in court. As the Court in *Lewis* stated, "meaningful access to the courts is the touchstone" of the right vindicated in *Bounds*. *Id*. "[T]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library hindered his efforts to pursue a legal claim." *Id*.

> He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguable actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Id*. at 351. Furthermore, "the injury requirement is not satisfied by just any type of frustrated legal claim." *Id*. at 354. "The tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Id*. at 355.

In this case, Plaintiff has submitted not only a complaint and a motion for leave to proceed *in forma pauperis* in satisfaction of the court's *pro se* filing requirements, but since initiating this action has also submitted two subsequent amended complaints

---

[6] Plaintiff states, *inter alia*, that Defendants have failed to provide him with "a library and law library area that would inmates [sic] to have access to tables and chairs effectively and adequately conduct proper legal research without being harassed and interrupted by other inmates or without other inmates standing over or behind said inmates while reading their legal documents which is none of their business. The fact other[ ] inmates be yelling and screaming on the housing unit while other inmates are trying to conduct legal research and file motions, pleadings and documents . . . ." (Doc. 86 at 6.)

and at least twenty or more motions or other filings. In addition, the court cannot discern any evidence that the Plaintiff's ability to access this or other courts has been denied or placed in any immediate jeopardy by prison officials or library personnel. Without the presence or immediate threat of an actual injury to Plaintiff's right to access the courts, Plaintiff has failed to state a claim of a violation of his right of access to the courts. Therefore, Defendants' motion to dismiss as to this claim will be granted.

### 4. <u>Conspiracy</u>

In his second amended complaint, Plaintiff also makes a blanket allegation of conspiracy on the part of Defendants. In turn, in their motion to dismiss, Defendants argue that Plaintiff's conspiracy claim should be dismissed because his allegations of conspiracy are insufficient to establish a claim. Upon review, the court agrees with Defendants and will grant the motion to dismiss as to this claim.

In order to set forth a cognizable conspiracy claim, a plaintiff cannot rely on broad or conclusory allegations. *D.R. by L.R. v. Middle Bucks Area Vocational Technical Sch.*, 972 F.2d 1364, 1377 (3d Cir. 1992); *Rose v. Bartle*, 871 F.2d 331, 366 (3d Cir. 1989); *Durre v. Dempsey*, 869 F.2d 543, 545 (10th Cir. 1989). The Third Circuit has noted that a civil rights conspiracy claim is sufficiently alleged if the

complaint details the following: (1) the conduct that violated the plaintiff's rights, (2) the time and the place of the conduct, and (3) the identity of the officials responsible for the conduct. *Oatess v. Sobolevitch*, 914 F.2d 428, 432 n.8 (3d Cir. 1990); *see also Colburn v. Upper Darby Twp.*, 838 F.2d 663 (3d Cir. 1988).

The essence of a conspiracy claim is an agreement or concerted action between individuals. *See D.R. by L.R.*, 972 F.2d at 1377; *Durre*, 869 F.2d at 545. A plaintiff must therefore allege with particularity and present material facts which show that the purported conspirators reached some understanding or agreement or plotted, planned and conspired together to deprive the plaintiff of a protected federal right. *See D.R. by L.R.*, 972 F.2d at 1377; *Rose*, 871 F.2d at 366. Where a civil rights conspiracy is alleged, there must be specific facts in the complaint which tend to show a meeting of the minds and some type of concerted activity. *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985). A plaintiff cannot rely on subjective suspicions and unsupported speculation. *Young v. Kann*, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991).

Viewing the amended complaint in a light most favorable to Plaintiff, the court finds that there are simply no allegations in the second amended complaint to support a plan or agreement of the Defendants to conspire or engage in a corrupt plot to violate Plaintiff's civil rights. The court therefore rejects any of Plaintiff's factual contentions as clearly baseless. *See Young*, 926 F.2d at 1405 n.16 (finding that

24

conspiracy claims which are based upon *pro se* plaintiff's subjective suspicions and unsupported speculation properly dismissed under § 1915(d)).  The allegations in the second amended complaint are vague and conclusory and do not present a cognizable § 1983 conspiracy claim.  Accordingly, Defendants' motion to dismiss will be granted as to this claim.

### 5. <u>Retaliation</u>

In his second amended complaint, Plaintiff asserts that Defendants retaliated against him "for the exercise of his constitutional rights under the 1st Amendment." (Doc. 33 ¶ 37.)  In their motion to dismiss, Defendants argue that Plaintiff has failed to state a claim.  Upon review, the court agrees with Defendants and will grant the motion to dismiss as to this claim.

The First Amendment offers protection for a wide variety of expressive activities, including speech, exercise of religion, and access to the courts.  *See* U.S. Const. amend. I.  These rights are lessened, but not extinguished, in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct.  *See Turner v. Safley*, 482 U.S. 78, 89 (1987).

No less than *prior* restraints on speech, *subsequent* retaliation for the expressive activities can infringe upon an individual's rights under the First Amendment.  *See Allah v. Seiverling*, 229 F.3d 220, 224-25 (3d Cir. 2000).  Individuals claiming

unconstitutional retaliation must show (1) that they engaged in conduct protected by the First Amendment, (2) that they suffered an "adverse action" by government officials, and (3) that impairment of the expressive conduct was "a substantial or motivating factor" for the official action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001); *Briener v. Litwhiler*, 245 F. Supp. 2d 614, 632 (M.D. Pa. 2003).

Here, in his assertion of a claim for retaliation, Plaintiff fails to set forth any allegation that he was engaged in protected conduct.[7] Assuming that Plaintiff is claiming that he was engaged in the protected conduct of filing a lawsuit and grievances, the court recognizes that such conduct clearly falls within the ambit of the First Amendment. *See, e.g.*, *Lewis*, 518 U.S. at 350 (recognizing indigent prisoners have constitutional right of access to the courts); *Booth v. King*, 346 F. Supp. 2d 751, 762 (E.D. Pa. 2004) (recognizing the filing of grievances is protected under the First Amendment right to petition the government for redress of grievances). Thus, Plaintiff has met the first requirement of a retaliation claim.

However, Plaintiff has failed to establish any actions on the part of Defendants taken in retaliation for this conduct. Specifically, Plaintiff must demonstrate that he "suffered some 'adverse action' at the hands of prison officials." *Rauser*, 241 F.3d at

---

[7] The entirety of Plaintiff's allegation with respect to a retaliation claim is as follows: "Defendants . . . all failed to protect the rights from such unlawful acts of retaliation for the exercise of his constitutional rights under the 1ˢᵗ Amendment." (Doc. 33 ¶ 37.)

333 (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)). This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights." (*Id.*) (quoting *Suppon v. Dadonna*, 203 F.3d 228, 235 (3d Cir. 2000)). From a reading of his second amended complaint, Plaintiff clearly was able to file grievances and has been able to litigate the instant action. He has not alleged that Defendants took any retaliatory actions against him for filing grievances or for filing this lawsuit. Moreover, as found above by the court, Plaintiff has failed to establish an access to the courts claim, the very basis on which he claims retaliation. Therefore, because Plaintiff cannot demonstrate that he has suffered any adverse action at the hands of Defendants, Plaintiff has failed to establish a claim of retaliation. The motion to dismiss will be granted as to this claim.

### 6. <u>Amended Complaint</u>

Plaintiff has also filed a motion to amend/correct his amended complaint, along with an attached proposed third amended complaint. (Doc. 62.) Because the essential allegations of the second amended complaint fail to state any constitutional claims, further amendment would be futile, and therefore, dismissal of the complaint will be with prejudice. Therefore, Plaintiff's motion to amend/correct his second amended complaint will be denied.

27

### III.    Conclusion

For the reasons set forth herein, Defendants' motion to terminate the Walentukonis Consent Decree will be granted.  Further, Defendants' motion to dismiss as to Plaintiff's claims relating to deductions from his inmate account, of access to the courts, conspiracy, and retaliation will be granted.  As Plaintiff has failed to establish any constitutional claims, Plaintiff's motion to amend/correct his second amended complaint will be denied.

An appropriate order will issue.

s/Sylvia H. Rambo<br>
United States District Judge

Dated: October 18, 2012.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID F. KELLY BEY,** | : | **CIVIL NO. 1:CV-12-00732** |
| | : | |
| **Plaintiff** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | |
| **DANIEL S. KEEN, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## O R D E R

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The motion to terminate the Walentukonis Consent Decree (Doc. 46) is **GRANTED**. The Walentukonis Consent Decree is hereby **TERMINATED**, effective immediately.

2) The motion for "enforcement of proposed consent decree in the alternative motion for an order of contempt" (Doc. 11) is **DEEMED MOOT**.

3) The motion to dismiss (Doc. 56) is **GRANTED**.

4) The motions to compel (Doc. 59 & 76) are **DEEMED MOOT**.

5) The motion to amend/correct the second amended complaint (Doc. 62) is **DENIED**.

6) The Clerk of Court is directed to **CLOSE** this case.

7) Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3).


                                           s/Sylvia H. Rambo
                                           United States District Judge

Dated: October 18, 2012.